## CHARLES L. LOW, Appellant, *v.* CROWN POINT MINING CO., Respondent.

### APPLICATION FOR A WRIT OF PROHIBITION,

An Order of Prohibition may issue from this Court in a proper case to arrest the progress of a trial. But such order should not issue when there is other and adequate remedy.

The office of such writ is not to correct errors, but to prevent Courts transcending the boundaries of their jurisdiction.

When, in an action of ejectment, the defendant, in addition to its legal defenses, sets up also an equitable defense, and asks affirmative relief, to wit : to declare that the deed under which plaintiff claims is only a mortgage, and this equitable branch of the case is tried separately from and disposed of before trying the legal defense : *Held,* that an order made and entered up in the form of a decree declaring that the instrument was not a mortgage, but a valid deed, conveying title to plaintiff, is not a final judgment from which defendant can appeal. There cannot be two final judgments in the same action.

When there are two distinct defenses, it is not the proper practice to impannel one jury to try the equitable defense, and another the legal defense. It is, however, proper to keep the two defenses separate. The Judge, himself, may first hear and determine the equitable side of the case ; or, if in doubt, he may submit special issues to the jury who are to try the law side of the case.

Upon this writ of prohibition we cannot review an interlocutory order made in the Court below. That can only be reviewed on appeal from the final judgment.

This case was pending in the District Court of the First Judicial District, before the Hon. Richard Rising, presiding.

It was an action of ejectment for an interest in certain mining grounds. Among other defenses set up, was an equitable one, alleging that plaintiff only claimed title through a certain deed, absolute on its face, but which was, in part, only a mortgage. The defendant asked the Court to declare this deed a mortgage, and for other equitable relief. This equitable branch of the case was first disposed of; and being determined against the defendant, notice of appeal was filed and served, and undertaking on appeal filed. The defendant then asked a stay of proceedings until this appeal could be disposed of. This the Court below refused. The defendant then applied to this Court for a writ of prohibition, to arrest the further proceedings of the Court below until the appeal

could be heard.   This Court granted the writ, *ex parte,* but on full hearing set aside the writ, and ordered the Court below to proceed.

*Aldrich & DeLong,* for Defendant in the Court below, applied for the writ.

*Williams & Bixler,* who represented their Plaintiff in the Court below, moved this Court to set aside the order for the writ, which was granted *ex parte.*

The argument was oral, and no briefs were filed on either side. Among the papers in the case is a memorandum (by whom filed or made does not appear) referring to the following authorities :

As to the proper course of proceeding when there is an equitable defense :   *Thayer* v. *White,* 3 Cal. 229-30 ; *Arquillo* v. *Edinger,* 10 Cal. 160 ; *Estrada* v. *Murphy,* 17 Cal. 273 ; *Webber* v. *Marshall,* 19 Cal. 457 ; *Lastrado* v. *Barth,* 17 Cal. 671 ; *Downer* v. *Smith,* 24 Cal. 125.

Defense : that a deed absolute on its face is only a mortgage, is an equitable defense.   *Despard* v. *Wallbridge,* 15 N. Y. (1 Smith) 378.

In what cases the writ of prohibition lies.   *Washburn* v. *Phillipi,* 2 Metcalf, 296.

Cases as to the effect of an appeal : *Woodbury* v. *Bowman,* 13 Cal. 634 ; *Ford* v. *Thompson,* 19 Cal. 119 ; *Pierson* v. *McCahill,* 23 Cal. 252 ; *Thornton* v. *Mahoney,* 24 Cal. 583 ; *McGanahan* v. *Maxwell,* Cal., not yet reported.

From what an appeal may be taken : Statutes of 1864, page 81 Sec. 30 ;   Statutes of 1861, page 363, Sec. 285 ;   *Hopper* v. *Faulkner,* 17 Cal. 517 ; *Rhodes* v. *Craig,* 21 Cal. 419-423 ; *Swartwart* v. *Curtis,* 4 Comstock, 416 ; *Humphrey* v. *Chamberlin,* 1 Kern. 274 ; *Tompkins* v. *Hyatt,* 17 N. Y. (5 Smith) 534 ; *People* v. *Merrill,* 4 Kern. 74, 2d Whitaker Pr. 797 ; *Jenkins* v. *Wild,* 14 Wend. 542 ; *Johnson* v. *Everett,* 7 Page, 636 ; *Baker* v. *Baker,* 16 Cal. 527 ; *Juan* v. *Ingoldsby,* 6 Cal. 439.

What a perfected appeal stays : Statutes of 1861, p. 364, Sec. 291 ; *Merced Mining Co.* v. *Fremont,* 7 Cal. 130–32 ; *Hicks* v. *Michael,* 15 Cal. 107, 110–11 ; *Hoyt* v. *Gilston,* 13 John. 139.

Opinion by BROSNAN, J.

This action, while in progress of trial in the District Court, was temporarily arrested by an order of prohibition from this Court.

The power of the Court to make such an order in a proper case is unquestionable, because it is expressly authorized and conferred by the Constitution of the State. (Constitution of Nevada, Art. 6, Sec. 4.) Nevertheless, the writ ought not to issue where there is another and adequate remedy. Properly speaking, the office of the writ of prohibition is not to correct errors, but to prevent Courts from transcending the limits of their jurisdiction in the exercise of *judicial* but not ministerial power. (2 Hill, 367 *et seq.;* also *Id.* 363.) This application is made principally on the ground that no appeal lies in this instance, and therefore this Court should quash the writ and permit the trial to proceed to a termination in the Court below.

The facts, so far as necessary to be stated for a clear understanding of the single question before us, are these : The complaint is in ejectment and contains the usual allegations. The answer sets up a general denial and other defenses. It also sets up a strictly equitable defense. In this, that the asserted title or claim of the plaintiff is derived from, and through a deed of conveyance, absolute upon its face, but which in fact is claimed to be a mortgage to secure the payment of an antecedent debt—a defeasance having been executed and delivered contemporaneously with the deed.

The answer prays an affirmative relief, that the deed be declared by the judgment of the Court a mortgage, that an account of the amount due thereon may be taken, and that the defendant be permitted to pay whatever amount may be found due, and thereby redeem the property from incumbrances.

Upon the trial the parties first proceeded to try the issues raised by this equitable defense, leaving the law branch of the case to be afterwards tried. A jury was thereupon impanneled and sworn to try the equity side of the case. But no issues were framed for submission to the jury, and it seems that after the defendant had closed its evidence on this branch of the case, the District Judge withdrew the matter from the jury, on the ground, we presume,

that this equitable defense had not, in his opinion, been sustained. That jury was discharged, and another was impanneled to try the issues of law. Meanwhile, upon the termination of the equitable defense in the mind of the Court, a decree, as if made upon a distinct and independent bill in equity, was signed by the Judge, filed and entered. This judgment or decree adjudged, not only that the deed alleged to be a mortgage is an absolute deed, but it further declares that the premises described therein (the property in controversy) were duly conveyed to the plaintiff. From this alleged decree, the defendant instantly undertook an appeal to this Court, filing the usual notice and undertaking. Having done this, the Court was applied to for a writ to stay the progress of the trial below until the appeal should be determined (the Court below having refused a continuance) upon the assumption, or rather ground, that the appeal had taken the case bodily from the Court below, and deprived that Court of further jurisdiction for the time being.

Upon full consideration of those facts, we have come to the conclusion that an appeal at present does not lie in this case—that no such final judgment as warrants an appeal has been entered, or could have been entered, at the stage of the trial when this alleged decree was entered. There cannot be two *final* judgments in the same action, and each one the subject of appeal. If there may be two, there may be more. Such practice, if tolerated, would encourage and stimulate litigation, instead of preventing a multiplicity of suits and appeals, which is the plain and acknowledged intention and object of our code of procedure, as has been frequently declared by the Courts of the State from which our system has emanated. Another serious objection to the exercise of this right of appeal, in the present condition of this action, presents itself. It is this: This action is one—single; and no matter how many intermediate orders, entries, or decrees (name them as you please) the Court may make during its progress to a final determination of the right of the respective parties litigant in the principal subject matter, whenever the controversy is brought to an end, then the judgment becomes a finality, and should be one, single, like the action which it determines. It should, however, be so comprehensive as to dispose of and settle all material and disputed points presented by the pleadings, unless this course of practice be

Low v. Crown Point Mining Company.

observed and followed.   Aside from the objection already advanced, and others that might be mentioned, there must be embarrassment and difficulty in the introduction of a judgment record in evidence in any future action where its use and effect may be necessary. The judgment roll is the first and best evidence in the way of estoppel or otherwise.   Our statute declares of what that roll shall consist.   It must contain the summons, the pleadings and judgment, and any orders relating to the change of parties.   (Laws 1861, p. 347, Sec. 203.)

But if there be two final judgments in the same action, this statute cannot be complied with.   We do not forget the fact that appeals may be takèn from certain orders and decisions of Courts before final judgment.   But such are expressly authorized by statutè, and this is not one of the enumerated cases.   (Statutes of 1864, p. 81, Sec. 30.)   No appeal lies from an order made before final judgment, except in the cases specified in this statute.   Therefore, regarding the alleged decree of the District Court, as we do, of no more effect than simply as an order made in the cause, and not being embraced within those interlocutory orders declared appealable by the statute, we must hold the appeal to be ineffective, and of course inoperative in staying the trial.

. A judgment is the " final determination of the rights of the parties in the action."   This is the definition given to it in the New York code, and it is defined in the very same words in our statute. (Laws of 1861, p. 338, Sec. 144.)   In support of our opinion that no final, and therefore no judgment that could be legally appealed . from, has been rendered in this action, we refer to the following cases, determined under and since the New York code went into operation:  4 Coms. N. Y. Rep. Court of Appeals, pp. 415–16 ; 2 Kernan, (same Court) pp. 591–2 ; 5 Smith, (same Court) pp. 534–5.

We might rest here, but in view of the mode in which the trial has been thus far conducted, it may be proper to make some further suggestions.   Judging from the formality and character of what is called a decree in this case, it would seem as though there had been two distinct actions before the Court.   There could have been no possible necessity for such a course.   This is not advanced with any view of censure as regards Court or counsel, but because

such mode of proceeding enhances—and that unnecessarily—the costs of the parties litigant, and because it is anomalous, and we think unprecedented, that different juries should be. sworn to try different parts or issues in the same cause on the same trial.   We do not, however, think it improper that in cases of this character, when an equitable defense is interposed, this particular defense should be first disposed of.   Indeed we have no doubt that the equitable defense should first be tried.   The reason of this course is manifest to every tyro in the profession.   But this could have been done, and we think it ought to have been done, by the Judge sitting as a Chancellor in the first instance ; and if he was fully convinced as to the sufficiency or insufficiency of the equitable defense, he could exclude or receive it upon the trial of the legal issues as his judgment should sway.   If he had doubts upon any points, the solution of which required the enlightenment of his conscience, he could have framed special questions of facts or issues, as they are technically denominated, to be answered by the jury trying the main cause.   In this way, no matter how the general verdict may go—whether for plaintiff or defendant—if it be contrary to the effect of the special findings, or as they are sometimes called, special verdict, the general verdict must yield, and judgment will be entered according to the force and legal effect of the special findings.   The decree so called, to which allusion has been made, and which was supposed to be appealable, we think trenches upon the province of the jury as regards the legal side of the case.   It goes too far in stating that the premises in dispute were duly conveyed to the plaintiff.   The equitable question to be determined was whether the deed was not in fact a mortgage.   That fact having been determined in the mind of the Court, the trial could have proceeded, and whether an order declaring his conclusion had been entered or not, would have made no difference to the Court in its ruling on the trial.   But on this application we cannot modify or correct it, as it is not before us properly for review.   It will be subject to the examination of the Court, if the case should hereafter come before us upon appeal from the final judgment in the case.

The Court was in hopes of having longer time for the preparation of their written opinion in this case, their decision having

already been orally announced. But upon the request of counsel, and from deference to that request, and especially in view of the fact that our opinion may aid somewhat in the trial of the cause now in progress, we have denied ourselves the leisure to present our views so elaborately and methodically as we would desire. However, we have no doubt as to the correctness of the conclusion at which we have arrived.

It follows that the writ of prohibition heretofore issued should be recalled and set aside.

It is so ordered; and the District Judge is directed to proceed and try the aforesaid action.

The defendants will pay the costs on this appeal.