No. 8323.

THE STATE OF LOUISIANA EX REL. MARTHA SELLES VS. THE JUDGE OF THE
TWENTY-FIRST JUDICIAL DISTRICT COURT, PARISH OF ST. MARTIN.

APPLICATION for Writs of Certiorari and Prohibition.

This Court will not issue the writs of Certiorari and Prohibition, in exercise of its supervisory power over inferior courts, except in cases of usurpation of jurisdiction or power. Previous Decisions affirmed.

*Fontelieu,* Judge, Respondent.
*Edward Simon* for the Relatrix.
*C. H. Mouton* and *Mouton & Martin* for the Respondent.

The opinion of the Court was delivered by

TODD, J. The relatrix applies to this Court for writs of *certiorari* and prohibition against the defendant judge under the following circumstances:

On the 2d of August, last, Joseph Dessens, husband of relatrix, alleging that his wife had left the matrimonial domicil on a visit to her parents with his consent, taking with her their child, about two years of age, and had failed to return to his domicil at his request, or to bring back the child, or surrender it to him when demanded, applied for a writ of *habeas corpus* to the District Judge named above. The writ was

granted, commanding the relatrix to bring before him, the said judge, the child mentioned, and show by what right or authority she detained him. So soon as the order was rendered, the relatrix presented her petition to one of the Justices of this Court, asking for writs of *certiorari* and prohibition, with a view to prevent the execution of the writ of *habeas corpus* or any further proceeding under it. The allegations of her petition are substantially: That the writ of *habeas corpus* issued without warrant of law. It was denied that, in the absence of any suit between the spouses for divorce or separation from bed and board, the writ could legally issue, and that, in no event, could it issue to wrest an infant still at the mother's breast, as this child was alleged to be, from the care and keeping of the mother. That, in the granting of the writ, the judge exceeded his jurisdiction; that there was no remedy to the relatrix by appeal; and the supervisory powers of this Court were invoked to prevent an irreparable wrong.

Alternative writs were granted as prayed for.

The judge *a quo* justifies the issuing of the writ, and asserts his authority in the premises. It is unnecessary to set forth his answer in detail.

In the case of the State ex rel. Follet et al. vs. Rightor, judge, 32 An. 1186, which was a case of an application for a writ of prohibition, this Court held this language: "It is not a writ of right. 19 L. 167, 174; 27 An. 336; 29 An. 360. It is an extraordinary one, which can only issue where the court, having no jurisdiction, clearly usurps jurisdiction. C. P. 846; 4 An. 11; 16 An. 186; 32 An. 549, 553." Tested by this rule, it is plain to see that this is not a case that calls for our interposition through the writ in question.

There is not the least doubt that the judge *a quo* had jurisdiction over the subject-matter of the proceeding, and his action complained of is not arbitrary and shows no usurpation of authority. In granting the alternative writ, he but exercised a legal or judicial discretion in a matter over which his authority extended. Besides this, the bare apprehension of an injury does not authorize our interference. State ex rel. Hernandez vs. Judge, 33 An. 923. *Non constat* that the judge, after hearing the parties, may not discharge the writ and permit the relatrix to retain her child, at least during the tender years of infancy, whilst maternal sustenance and care are essential to his growth and health.

However this may be, under our construction of the supervisory power vested in this Court, and under the rules prescribed heretofore for its exercise, we cannot interfere with the regular course of the proceedings under the writ complained of.

For these reasons the preliminary order heretofore made is rescinded, and the application of the relatrix refused at her costs.