[No. 8,429.—Department Two.]
December 18, 1882.

THE FARMERS' CO-OPERATIVE UNION v. M. S. THRESHER, TAX COLLECTOR OF THE COUNTY OF SAN JOAQUIN.

POWER OF LEGISLATURE AS TO WRITS OF PROHIBITION.—The Legislature can not extend or enlarge the office of the writ of prohibition so as to include ministerial functions.

ID.—CONSTITUTIONAL PROVISIONS AS TO SUPERIOR COURTS SAME IN THIS RESPECT AS THOSE RELATING TO SUPREME COURT.—There is no distinction in this regard in the provisions of the Constitution relating to the Supreme Court and those relating to the Superior Court.

APPEAL by plaintiff from judgment of the Superior Court of the County of San Joaquin. PATERSON, J.

Petition for writ of prohibition. The petition shows: The petitioner is a corporation engaged in the warehouse business at Stockton, in this State. On the first Monday of March, 1881, it was the owner of certain real and personal property, and also had certain wheat, barley, etc., in its warehouses upon storage; the property so on storage had been received from various persons, to each of whom the petitioner had issued a warehouse receipt for the grain by him stored, which receipts were transferable, and carried the ownership of the property represented thereby. In the early part of said month of March, the Assessor of San Joaquin County presented to petitioner a blank form of a statement, or "assessment list," with directions that it fill out and return the same on or before the thirtieth day of that month. Pursuant to this request the corporation, by its Secretary, made out, verified, and returned to the Assessor said list, containing a statement of all its property, real and personal, by it owned on said first Monday in March, and to which the Assessor gave the value of thirty-three thousand two hundred and ninety-five dollars. At the request of said Assessor, it made a further statement that there were certain lots of wheat, barley, rye, and beans in its warehouse on said first Monday, giving the amounts thereof, and which had been left there on storage by various persons, to whom transfer-

able receipts had been given for each lot separately, and that it could not tell who then owned any of said property, or what was its value, and that it did not own or claim any part of said property; and then requested said Assessor that if he proposed to assess any of said property to it, that he would assess the same to it as bailee, that it might have its remedy against the owners for taxes paid thereon. The Assessor refused to make the assessment to it as bailee, and arbitrarily entered an assessment against it for the property, valued at two hundred and ninety-nine thousand six hundred and thirty-four dollars, and upon which the tax amounted to three thousand eight hundred and ninety-five dollars and twenty-four cents. The property was all assessed to petitioner individually, and not as bailee or trustee, etc., and constituted but one assessment; but on the assessment roll the assessor entered the following remark opposite the property held on storage, viz.: "The grain herein assessed to the Farmers' Co-operative Union was in their possession on the first Monday of March, at twelve o'clock M., A. D. 1881, and they, the said Farmers' Co-operative Union, refused to give any information in regard to the ownership thereof or by whom it was stored." When the time arrived for paying the taxes of 1881, petitioner tendered the amount of taxes assessed upon its property, which the Collector refused to receive; whereupon the petitioner instituted this proceeding to prohibit a sale of its property for the tax alleged to be illegal. The application for a writ in the Court below was denied, on the ground that the Court had no jurisdiction to grant the writ, and a general demurrer to the petition was sustained.

*F. T. Baldwin* and *Pillsbury & Titus,* for Appellant.

We submit that this is a proper case for the writ to issue. By Section 5 of Article vi. of the new Constitution, it is provided that the Superior Court shall have original jurisdiction of "all such special cases and proceedings as are not otherwise provided for." There was no such provision in the old Constitution. The Legislature of 1881, following this provision of the new Constitution, amended Section 1102 of

the Code of Civil Procedure so as to permit the writ to run against a person exercising ministerial as well as judicial functions. There is nothing, as we understand them, in the cases of *Spring Valley Water Works* v. *San Francisco,* 52 Cal. 111; *Maurer* v. *Mitchell,* 53 id. 289; and *Camron* v. *Kenfield,* 57 id. 550, which militates against our position that the writ will lie from the Superior Court to restrain a board or officer, whether exercising judicial or ministerial functions. There can be no question that the Legislature intended to confer on the Superior Court by its amendment to Section 1102, before cited, the power invoked by the petitioner in this case. We insist that under this clause of the new Constitution, authorizing it to confer upon the Superior Court jurisdiction of all such special cases and proceedings as are not otherwise provided for, the Legislature had the power to confer such jurisdiction upon that Court in a case like the one at bar, and the mode or manner of conferring it, whether by extending the scope of the writ of prohibition, or providing a new or different form of proceeding, was a matter entirely within the discretion of that body.

*J. C. Campbell,* for Respondent.

Prohibition is not the proper remedy for alleged illegal taxation. (*Savings and Loan Society* v. *Austin,* 46 Cal. 455–459; *Houghton* v. *Austin,* 47 id. 651; *Bucknall* v. *Story,* 36 id. 67; *C. P. R. R.* v. *Corcoran,* 48 id. 65; *Smith* v. *Commissioners of Leavenworth,* 9 Kans. 300; *State Railroad Tax Cases,* 92 U. S. 606; *Lincoln* v. *City of Worcester,* 8 Cush. 55; *Howe* v. *City of Boston,* 7 id. 277.) In *Brewer* v. *City of Springfield,* 97 Mass. 152, the Court say that the taxpayer suffers no wrong until he pays the tax; and if it be illegal, he can recover it back. An action for the recovery of money paid under protest, is the remedy prescribed in the State of California for illegal taxation. (*Meek* v. *McClure,* 49 Cal. 628; *Bank of Mendocino* v. *Chalfant,* 51 id. 369; *Smith* v. *Farrelly,* 52 id. 80; *Bank of Santa Rosa* v. *Chalfant,* 52 id. 170; *De Fremery* v. *Austin,* 53 id. 380.) The writ of prohibition will not run to a Tax Collector, for the reason that he is a ministerial and not a judicial officer. The writ of prohibition will not issue to prevent a ministerial officer from per-

forming acts ministerial. (*Camron* v. *Kenfield*, 57 id. 550; *Maurer* v. *Mitchell*, 53 id. 289; *Spring Valley Water Works* v. *San Francisco*, 52 id. 111.)

The petitioner, in his able brief, attempts to avoid the effect of the decision in the case of *Camron* v. *Kenfield*, upon the ground that the Legislature have the power under the Constitution to enlarge the jurisdiction of the Superior Court.

We can not see, from reading the Constitution, where any power is given the Legislature to enlarge the jurisdiction of the Superior Courts that has not been given the same body to enlarge the jurisdiction of the Supreme Court. But it is not a question of the jurisdiction of the Courts, but a question of enlarging the office of the writ of prohibition. Section 5, Article vi., of the Constitution gives the Supreme Court jurisdiction to issue writs of prohibition. Section 5 of the same article gives the Superior Court the same jurisdiction. It can be readily seen, by comparing the two sections, that both Courts have the same jurisdiction in regard to writs of prohibition. And the Legislature, in their amendment to Section 1102 of the Code of Civil Procedure, did not attempt to enlarge the jurisdiction of either of the Courts; but they did attempt to enlarge the province of the writ of prohibition; and that, we submit, under the decisions of our own State, can not be done. And the decision in *Camron* v. *Kenfield* is as applicable to writs issued from the Superior Courts as it is to writs issued from the Supreme Court. Hence we submit that the judgment should be affirmed.

The COURT:

This case is within the principle decided in *Camron* v. *Kenfield*, 57 Cal. 550, in which it was held that the Legislature could not enlarge or extend the office of the writ of prohibition so as to include ministerial functions. We perceive no distinction, in this regard, in the provisions of the Constitution relating to the Supreme Court and the Superior Courts.

The judgment and orders appealed from are affirmed.