[No. 8,342. In Bank.—December 10, 1884.]

## W. S. HOBART, RESPONDENT, v. CHARLES TILLSON, TAX COLLECTOR, ETC., APPELLANT.

PROHIBITION—RESTRAINING TAX COLLECTOR.—The legislature cannot enlarge or extend the office of the writ of prohibition so as to include ministerial functions ; and a tax collector, being a ministerial officer, cannot be restrained by prohibition from performing the duties of his office.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. F. Cowdery*, City and County Attorney, and *David Mc-Clure*, for Appellant.

*McAllister & Bergin, Wallace, Greathouse & Blanding, Wilson & Wilson, Jarboe & Harrison*, and *Lloyd & Newlands*, for Respondent.

McKEE, J.—By section 9 of an act entitled " an act in relation to the assessment and collection of taxes upon personal property in the city and county of San Francisco," passed April 18, 1874, it was provided as follows:

" SEC. 9. The assessor may, at any time prior to the fourth Monday in October in each year, specially assess any property which may have been omitted, and which shall not be entered upon the regular assessment roll; and, if he makes any such special assessment, he shall forthwith deliver a copy thereof to the tax collector, and the original to the auditor, who shall charge the tax collector with the amount of taxes due thereon; and all such special assessments shall be as valid, and shall have the same force and effect, as regular assessments."

Acting under the provisions of that law, the assessor of the said city and county, before the fourth Monday in October, 1880, made a special assessment of personal property, as belonging to the plaintiff in this case, which had not been entered upon, but which was omitted from, the regular assessment roll which had been made and returned by the assessor for the fiscal year 1880–81. A copy of that special assessment came to the hands of the tax collector, to collect, according to law, the amount of the taxes levied thereon. But upon a verified petition, to the effect that the assessment was and is wholly void, and that the taxes levied thereon were also void, being filed and presented to the Superior Court of said city and county, a writ of prohibition was issued, restraining the tax collector from collecting said taxes; and upon a final hearing the court perpetually prohibited the tax collector from collecting the same. In so ruling the court erred.

In the case of *The Farmers' Coöperative Union* v. *Thresher*, 62 Cal. 407, which was a petition for a writ of prohibition to restrain a tax collector from proceeding to sell personal property for an alleged illegal tax, we held, upon the authority of *Camron* v. *Kenfield*, 57 Cal. 550, that the legislature could not en-

large or extend the office of the writ of prohibition, so as to include ministerial functions. The only office of the writ is, therefore, to prevent the courts or other officers from going beyond their jurisdiction in the execution of judicial, not ministerial, power.

A tax collector is a ministerial officer, and as such he cannot be restrained by prohibition from executing the functions of his office. When process comes to the hands of a ministerial officer for service according to law, the duty devolves upon him to serve it, and he must do so at his risk. If the process be voidable or void, or if the acts of the officer under it are illegal, the law provides ample and adequate remedies for redress, to which resort must be had; but the officer himself will not be prohibited from the performance of his duty. If that were permissible, the clerk of the court could be prohibited from issuing process, or the sheriff could be prohibited from executing it, or a tax collector from collecting the revenues of the State or a county, or from doing any other ministerial act, and thus the political affairs of the State would be involved in confusion. Hence, we have uniformly held that the writ of prohibition does not run against ministerial acts. (*Le Conte* v. *Berkeley*, 57 Cal. 269; *People* v. *Board of Election Commissioners*, 54 Cal. 404; *Maurer* v. *Mitchell*, 53 Cal. 289; *Spring Valley Water Works* v. *San Francisco*, 52 Cal. 111.)

Judgment and order reversed, and cause remanded, with direction to the court below to sustain the demurrer to the complaint.

THORNTON, J., ROSS, J., MYRICK, J., MORRISON, C. J., and SHARPSTEIN, J, concurred.