# CHARLESTON

## DARNELL v. VANDINE et al.

Submitted March 3, 1908.   Decided March 10, 1908.

1. PROHIBITION—*When Granted.*
   The writ of prohibition can only operate on a pending suit, and can not be used to prevent institution of an action.  (p. 54.)

2. SAME—*Threatened Prosecution.*
   A petition asking for such writ, which alleges as the only ground therefor a threatened prosecution, is therefore demurrable. (p. 54.)

Error to Circuit Court, Kanawha County.

Application by A. W. Darnell for writ of prohibition against A. C. Vandine, mayor and others.   Writ granted, and defendants bring error.

*Reversed.*

LITTLEPAGE, CATO & BLEDSOE, for plaintiffs in error.

MILLER, JUDGE:

In his petition for prohibition, the plaintiff alleges that the defendants, Vandine and Davis, are respectively mayor and recorder of Clendennin, the latter having the jurisdiction of the former in his absence; that on March 1, 1906, said municipality, while he was employed as clerk by A. T. Cabell, a duly licensed retail liquor dealer, at his place of business at Reamer in Kanawha county, issued its warrant and caused him to be arrested upon the charge of selling spirituous liquors within two miles of its corporate limits without a permit to do so; that, being taken before said mayor, he was convicted and fined, from which judgment he has appealed; that the place of business of said Cabell is not within the corporate limits of said town or one mile thereof; that Vandine, or in his absence Davis, threatens that, if he again attempts to engage in said business, he will, as often as he attempts to do so, cause his arrest, fine and imprisonment; that said municipality has no jurisdiction of any such offense committed beyond one mile from its corporate limits

or to provide by ordinance therefor; that the act of the mayor in so prosecuting and threatening to further prosecute him is a usurpation and abuse of power not vested in him or said municipality; and that said mayor and recorder, unless prohibited, will continue therein.  The prayer of said petition was that a rule be awarded against the defendants to show cause why a writ of prohibition should not be awarded prohibiting them from prosecuting petitioner for such alleged offense, as so threatened.  Upon the filing of the petition, the rule prayed for was awarded, returnable March 10, 1906.  The defendants appeared thereto, and, their demurrer to the petition being overruled and they not desiring to make further answer, the writ prayed for was awarded.  The defendants have brought the case here upon writ of error.  No appearance has been entered by the plaintiff.

It will be observed from his petition that the plaintiff has appealed from the judgment of conviction and fine already pronounced against him; that the purpose of the writ of prohibition did not and could not relate to that proceeding; and that it was to prohibit the defendant from carrying into execution their threats of further prosecution that his petition was filed and the writ issued.

No such prosecutions had as yet been begun or were pending.  The threats are charged upon information and belief.  The case seems to be controlled entirely by the rule announced by this Court in *Haldeman* v. *Davis*, 28 W. Va. 324, where it is held that such writ can only operate on a pending suit, and can not be used to prevent institution of an action; that it will not lie, to restrain an inferior court from exercising jurisdiction in a particular case if it has jurisdiction in any case of that kind, the remedy in such case being an appeal or writ of error.  Cases affirming the same doctrine, cited by counsel, are *Sherlock* v. *Jacksonville*, 17 Fla. 93; *Ex parte Green*, 28 Ala. 52; *State* v. *Judge*, 33 La. Ann. 1284.

We therefore reverse the judgment of the circuit court, and pronounce the judgment it should have pronounced—that the defendants' demurrer be sustained, the rule discharged, and the writ refused.

*Reversed.*