[No. 2175]
## STATE OF NEVADA, Ex Rel. GEO. B. THATCHER, ATTORNEY-GENERAL, PETITIONER, v. DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF HUMBOLDT, ET AL., RESPONDENTS.

[149 Pac. 178]

1. PROHIBITION—RIGHT TO RELIEF—ADEQUATE REMEDY.
    Prohibition is an extraordinary remedy which is available only in cases of extreme necessity to restrain a court from proceeding in a matter over which it has no jurisdiction, and where there appears no adequate remedy by appeal.

2. PROHIBITION—RIGHT TO RELIEF—ADEQUATE REMEDY.
    Where a district court had granted a temporary injunction against taxing officers of the county and state, and had overruled the attorney-general's demurrer to the complaint, the latter had an adequate remedy under Rev. Laws, sec. 5143, authorizing a motion to set aside the temporary injunction, and Rev. Laws, sec. 5329, giving an immediate appeal from an order refusing such motion, so that he cannot maintain prohibition, even though the public interests are so great that he cannot rest on his demurrer and appeal from the judgment thereon, thereby losing his right to plead to the merits.

ORIGINAL PETITION for prohibition by the State, on the relation of Geo. B. Thatcher, Attorney-General, against the District Court of the Sixth Judicial District of the State of Nevada in and for the County of Humboldt, and others. Order of prohibition denied. **Petition dismissed.**

*Geo. B. Thatcher,* Attorney-General, for Petitioner:

The writ of prohibition will issue when any proceedings of the lower court are either without or in excess of the jurisdiction of such tribunal, and there is no plain, speedy and adequate remedy in the ordinary course of law. (Rev. Laws, secs. 5708, 5709; *Golden* v. *Averill,* 31 Nev. 250; *Bell* v. *District Court,* 28 Nev. 280; *Gordon* v. *District Court,* 36 Nev. 1.)

*Hoyt, Gibbons & French,* for Respondents:

The question of the jurisdiction of the lower court over the subject-matter is not the sole test of the jurisdiction

of the supreme court to issue a writ of prohibition. In addition thereto it must appear that the party complaining has no plain, speedy, and adequate remedy at law. (Rev. Laws, sec. 5709; *Silver Peak Mines* v. *Second Jud. Dist. Court*, 110 Pac. 503; *Shubach* v. *McDonald*, 179 Mo. 182, 65 L. R. A. 136; *State* v. *Spokane Co. Su. Ct.*, 82 Pac. 877.)

By the Court, McCarran, J.:

This is an original proceeding in prohibition. Petitioner hereby seeks to obtain an order of this court prohibiting respondent, the Sixth judicial district court, from proceeding with the trial and determination of an action instituted by certain taxpayers of Humboldt County to enjoin certain of the county officers of Humboldt County, and certain state officers, from the performance of certain acts relative to the collection of taxes.

A temporary injunction was issued by the respondent court at the time of the filing of the complaint in the proceeding below. A demurrer being interposed to the complaint by petitioner herein, certain questions pertaining to the jurisdiction were thereby raised, as were also questions as to the sufficiency of the complaint to state a cause of action. This demurrer was overruled by the court below; and by reason of said action on the part of that tribunal, petitioner comes here with a prayer for prohibition. To the petition filed in this court, a demurrer was interposed by respondent, which demurrer presents the question of the sufficiency of the allegations of the petition to entitle petitioner to the relief demanded. Of the numerous questions raised by the demurrer, we deem it only necessary to determine one.

[1] This court, as well as other courts, has held that a writ of prohibition, being one of an extraordinary nature, will issue only in cases of extreme necessity, to restrain a court from proceeding in a matter over which it has no jurisdiction and where there appears no adequate remedy by appeal. (*Low* v. *Crown Point Mining Co.*, 2 Nev. 75; *Turner* v.*Langan*, 29 Nev.281, 88 Pac.1088; *Bell* v. *District*

*Court,* 28 Nev. 280, 81 Pac. 875, 1 L. R. A. n. s. 843, 113 Am. St. Rep. 854, 6 Ann. Cas. 982; *Walcott* v. *Wells,* 21 Nev. 51, 24 Pac. 367, 9 L. R. A. 59, 37 Am. St. Rep. 478; High on Extraordinary Legal Remedies, 765; *People* v. *Westbrook,* 89 N. Y. 152; *State* v. *Cory,* 35 Minn. 178, 28 N. W. 217.)

[2] In a proceeding in prohibition such as this, the primary question to be determined, where such is raised, is the existence or nonexistence of an adequate remedy by appeal.

Petitioner in this proceeding contends that this being a case where a question of great public importance, relative to the revenues of this state, is involved, the rule supported by the authorities cited above is not applicable. It is the contention of petitioner that, in view of the importance and nature of the case in the court below, he would not be justified, however confident of his position as to the law, in resting upon the demurrer alone, permitting the case to go to judgment upon failure to answer, and rely solely upon appeal from the judgment, for the reason that, if this court should not sustain his position as to the law of the case, the state and Humboldt County would then be debarred from filing an answer and offering evidence in support of issues raised by the pleadings. However true this may be, it does not follow that petitioner did not have, or has not now, an adequate remedy by appeal, which would have permitted a speedy determination of every question sought to be raised in this proceeding, without jeopardizing any rights of petitioner or of the interests represented by him in the court below.

The record discloses an injunction *pendente lite* issued by the trial court at the time of the filing of the complaint therein. The right to move to set aside an order granting an injunction *pendente lite* is prescribed by statute. (Rev. Laws, 5143.)

It appears clear to our minds that petitioner, representing the state and county as defendants in the proceeding instituted in the lower court, could have moved to set aside the preliminary injunction at the time of filing the

demurrer, and, so far as we are advised, can now move to set the same aside upon the same grounds as those relied upon in the demurrer interposed to the complaint in the court below, or upon additional grounds, should such suggest themselves. An order refusing to set aside the injunction becomes at once appealable in advance of the trial upon the merits. (Rev. Laws, 5329; *State* v. *Ducker*, 35 Nev. 214, 127 Pac. 990; Stats. 1913, p. 113.)

Hence it follows that the ordinary course of legal procedure, prescribed by our statute and upheld by this court, affords an adequate remedy, and one which is plain and speedy as well, and hence negatives the right of petitioner to the writ of prohibition.

It therefore follows that the order prayed for should be denied, and the petition be dismissed.

It is so ordered.