[No. 2276]

STEVE O'BRIEN, FRANK TESSIER, W. R. STOPER, C. CECCARELLI, H. LOOSE, ALVIN HENDRICKSEN; JOHN GALLAGHER AND GEORGE BROWN, TRADING AS GALLAGHER & BROWN; C. AND L. AROBIO, TRADING AS C. & L. AROBIO; BETERLRIDE AND BILBOA, TRADING AS BETERLRIDE & BILBOA; GEORGE BODINE AND CHARLES PEFFERLING, TRADING AS BODINE & PEFFERLING; AND JOHN RAE AND C. STACY, TRADING AS RAE & STACY, PETITIONERS, v. A. F. TROUSDALE, W. L. BRACKETT, AND W. H. COOPER, COMPRISING THE BOARD OF COUNTY COMMISSIONERS, IN AND FOR THE COUNTY OF HUMBOLDT, STATE OF NEVADA, AND S. G. LAMB, SHERIFF OF SAID COUNTY, RESPONDENTS.

[167 Pac. 1007]

1. PROHIBITION—ORDINANCE NOT IN EFFECT.
    Prohibition will not issue to restrain the enforcement of an ordinance not in effect, since there must be a cause pending before the writ will issue.

2. PROHIBITION—DISCRETION OF COURT.
    The writ of prohibition is not a writ of right, but one of sound judicial discretion, to be issued or refused according to the facts of each particular case.

3. PROHIBITION—MINISTERIAL ACTS.
    Rev. Laws, 5708, providing that the writ of prohibition arrests the proceedings of any tribunal, etc., whether exercising functions judicial or ministerial, when such proceedings are without

or in excess of jurisdiction, does not enlarge the writ so as to reach proceedings not of a judicial character, and it will not issue to prohibit county commissioners and county sheriff from enforcing an ordinance requiring licenses for selling, etc., liquors in restaurants, etc.

4. COURTS—JURISDICTION—WRITS.
By Const. art. 6, sec. 4, conferring jurisdiction upon the supreme court to issue writs of prohibition, the intention of the framers was undoubtedly to confer the right to issue the writ as it had been recognized at common law.

5. STATUTES—CONSTRUCTION—ADOPTION FROM OTHER STATE.
Where the legislature of one state adopts the statute of another, the act of adoption raises the presumption that the legislature of the adopting state enacted the statute in the light of the construction that had been placed upon it in the parent state.

ORIGINAL PROCEEDING in prohibition by Steve O'Brien and others against A. F. Trousdale and others, comprising the Board of County Commissioners of Humboldt County, and S. G. Lamb, Sheriff. Alternative writ vacated, and application for a peremptory writ **denied.**

*Young & Brown,* for Petitioners:

The state constitution gives the supreme court jurisdiction to issue writs of prohibition to inferior tribunals. In regulating this power, the legislature has granted the court jurisdiction over inferior tribunals, and specifically names "ministerial" boards. (Rev. Laws, 5708, 5709; *Eddy* v. *Board of Embalmers,* 40 Nev. 329.)

Petitioners are not attempting to restrain the board of county commissioners from passing the ordinance, for that has been already done; but they are attempting to restrain the commissioners and the sheriff of Humboldt County from enforcing the terms of the ordinance, on the grounds that it is unconstitutional and the license excessive. It is unconstitutional because it deprives petitioners of their liberty. (14th Amend. Const. U. S.; Const. Nev., art. 1, sec. 8; *Marymont* v. *Banking Board,* 33 Nev. 333.)

The ordinance is unconstitutional as a police regulation, in that it imposes an unreasonable and excessive license. It is a special law designed to carry into effect police

regulations regarding the sale of liquors to children and women already on the statute books. (Rev. Laws, 6842, 6843, 6506.) "Where a general law applies, no special legislation can be enacted." (Const. Nev., art. 4, sec. 1.)

*Thos. E. Powell,* District Attorney, for Respondents:

Have the petitioners such an interest in the enforcement of the ordinance as to entitle them to question its validity? The enforcement of the ordinance would in no way affect the rights of petitioners, and they therefore have no interest in defeating it and cannot in this court question its legality or constitutionality. This issue has not been met by counsel for petitioners. (*State* v. *Beck,* 25 Nev. 68; *Estate of Stocknoth,* 7 Nev. 881; *Riter* v. *Douglas,* 32 Nev. 400, 6 R. C. L. 91.)

Prohibition is not the proper remedy for the alleged injury. The function here sought to be restrained is a ministerial and not a judicial function. Prohibition issues to prevent the exercise by a tribunal possessing judicial powers of jurisdiction in matters of which it has cognizance. (*Thompson* v. *Tracy,* 60 N. Y. 31; *Ex Parte Broadlaght,* 2 Hill, 367, 39 Am. Dec. 593; *People* v. *Supervisors,* 1 Hill, 195.) It is a proper remedy when the inferior court either entertains a proceeding in which it has no jurisdiction, or, having jurisdiction, it assumes to exercise an unauthorized power. (*Appo* v. *People,* 20 N. Y. 531; *Thompson* v. *Tracy, supra; Hindman* v. *Colom,* 46 Wash. 317.) The object of the writ of prohibition is to prevent a court of peculiar, limited, or inferior jurisdiction from assuming jurisdiction of a matter beyond its legal cognizance. It can be issued only to restrain the exercise of judicial functions. (2 Bailey on Habeas Corpus, 1378.)

The Supreme Court of California has many times decided that the legislature cannot enlarge or extend the common-law office of the writ of prohibition so as to include ministerial functions; and while the statutes of both California and Nevada (the Nevada statute being copied literally from that of California) provide that the writ of prohibition may be invoked to arrest proceedings

either judicial or ministerial, all of the California decisions are to the effect that the attempt to enlarge the common-law office of the writ to include ministerial functions is unconstitutional and void. The writ of prohibition named in the constitution is the common-law writ, and it cannot be changed. (*Spring Valley W. Co.* v. *San Francisco*, 52 Cal. 111; *Maurer* v. *Mitchell*, 53 Cal. 289; *People* v. *Board*, 54 Cal. 404; *Camron* v. *Kenfield*, 57 Cal. 550; *Farmers' Coop. Union* v. *Thresher*, 62 Cal. 407; *Hobart* v. *Tillotson*, 66 Cal. 210; *Havemeyer* v. *Superior Court*, 84 Cal. 327; *Harris* v. *Recorder's Court*, 15 Cal. App..104; 2 Bailey on Habeas Corpus, 1378; High, Ext. Leg. Rem. 3d ed. sec. 763; *Low* v. *Crown Point M. Co.*, 2 Nev. 75.)

Even though there were for the petitioners no plain, speedy, and adequate remedy at law, the proper remedy, under our law and practice would be by injunction. (2 High on Injunction, 4th ed. sec. 1244; 25 Cyc. 632; *Strouse* v. *Police Court*, 84 Cal. 49; *Agassiz* v. *Superior Court*, 90 Cal. 101; *Cross* v. *Superior Court*, 83 Pac. 815; *Lindley* v. *Superior Court*, 141 Cal. 220.)

The passage of the ordinance in question is a proper exercise of police power. (6 R. C. L. 211; 8 Cyc. 1110.) The mere statement by petitioners that the ordinance is an "illegal law and regulation" is a conclusion of law and not a statement of fact. (5 Standard Proc. 216; *Knapp, Stout & Co.* v. *City of St. Louis*, 156 Mo. 343.)

The board of county commissioners has the power to pass the ordinance in question. (Rev. Laws, 877.) This authority has been confirmed by decision of this court. (*Board* v. *Schmidt*, 39 Nev. 456.)

By the Court, SANDERS, J.:

This is a petition addressed to this court by certain persons engaged in the saloon and restaurant business in the town of Lovelock, Humboldt County, Nevada, praying that this court will, in the exercise of its original jurisdiction, issue its writ of prohibition, restraining and prohibiting the county commissioners of Humboldt County, acting as a town board with reference to the

affairs and business of the town of Lovelock, and S. G. Lamb, sheriff of said county, from enforcing an ordinance passed by said board requiring licenses for the selling, serving, furnishing, or disposing of spirituous, vinous, or malt liquors, or any admixture thereof, in restaurants, dining-rooms, lunch-rooms, or other places of business where meals are sold, served, or furnished to the public in the said town of Lovelock. The petitioners aver that the ordinance in question is an illegal law and regulation affecting their business; that a failure to comply with its terms and conditions would subject them to an illegal arrest and imprisonment, and they would be deprived of their liberty without due process of law; that the petitioners have no plain, speedy, or adequate remedy at law or in equity, and unless relief be granted as prayed for, an irreparable hardship and injury will be done petitioners by the enforcement of said ordinance.

1. We issued the alternative writ in this cause upon the assumption that the ordinance complained of was in effect, but it affirmatively appears that it was not. The jurisdiction of the respondent board over the subject-matter of the ordinance is not questioned, but the petitioners, through fear or anticipation of its enforcement, now invoke the remedy of prohibition to test its validity.

"An application for a writ of prohibition before the actual commencement of an action or proceeding is premature, since there must be a cause pending before the writ will issue." (*State* v. *Ryan,* 180 Mo. 32, 79 S. W. 429; *Darnell* v. *Vandine,* 64 W. Va. 53, 60 S. E. 996; *Haldeman* v. *Davis,* 28 W. Va. 327; *Mealing et al.* v. *City Council of Augusta,* Dudley's Reps. 221; *State* v. *Judge,* 33 La. Ann. 1284; *Sherlock* v. *Jacksonville,* 17 Fla. 93; Wood on Mandamus and Prohibition, p. 145; 32 Cyc. 628; 23 Am. & Eng. Ency. Law, 206.)

2. The writ of prohibition is not a writ of right, but one of sound judicial discretion, to be issued or refused according to the facts of each particular case. This

practice may be treated as *stare decisis* in this state. (*Walcott* v. *Wells,* 21 Nev. 50, 24 Pac. 367, 9 L. R. A. 59, 37 Am. St. Rep. 478.)  It is justified only by extreme necessity, and not then, unless the other remedies provided by law are inadequate to afford full relief.

We, are adverse to establishing the practice of encouraging applications for extraordinary remedies by anticipating that a cause will be pending, and issue the process in advance of the actual pendency of the proceeding which the writ is used to arrest. (*State* v. *Ryan, supra.*)

The alternative writ heretofore issued is vacated, and the application for a peremptory writ is denied.

It is so ordered.

McCARRAN, C. J., concurring:

I concur in the order and in the opinion of Mr. Justice SANDERS, but I deem it proper to express my views on another phase of the question.

Petitioner by these proceedings seeks to prohibit the respondents A. F. Trousdale, W. L. Brackett, and W. H. Cooper, comprising the board of county commissioners of Humboldt County, and S. G. Lamb, sheriff of said county, from enforcing a certain ordinance providing for the licensing of certain lines of business, and from collecting the license provided for in the ordinance.

3, 4. From the view that I take in this matter, not only is the application here premature, but by these proceedings petitioner seeks to accomplish by the writ of prohibition a something for which the writ was never intended.  Section 4 of article 6 of our constitution, in conferring jurisdiction upon the supreme court, among other things provides:

"The court shall also have power to issue writs of *mandamus, certiorari,* prohibition, *quo warranto,* and *heabeas corpus* and also all writs necessary or proper to the complete exercise of its appellate jurisdiction."

Section 5708, Revised Laws 1912, provides as follows:

"The writ of prohibition is the counterpart of the

writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person, whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person."

It was undoubtedly the intention of the framers of the organic law to confer upon this court the right to issue the writ of prohibition as the same had been and was recognized at common law. At common law this writ issued, with but rare exception, only from the courts having common-law jurisdiction. The scope and function of the writ or prohibition at common law was to prohibit a peculiar and inferior court from assuming an unauthorized jurisdiction. The issuance of the writ was authorized only to restrain the exercise of judicial functions. (*Smith* v. *Whitney,* 116 U. S. 167, 6 Sup. Ct. 570, 29 L. Ed. 601.) In the common-law courts of England, as well as in those courts of the United States having common-law jurisdiction, it is emphatically held that the writ of prohibition will not issue to restrain or prevent the acts of an executive or ministerial officer. The function of the writ of prohibition is to prevent acts in excess of jurisdiction by a tribunal having judicial powers. The scope of the writ at common law never included the restraining of ministerial acts. (*Thompson* v. *Tracy et al.,* 60 N. Y. 31.)

It is to officers exercising judicial functions and to tribunals where such functions are administered that the writ of prohibition could properly be addressed. (*Ex Parte Braudlacht,* 2 Hill, 367, 38 Am. Dec. 593.)

It is unnecessary, in view of the position taken by Mr. Justice SANDERS in his opinion, for me to dwell at length in this concurring opinion on the force or validity of section 5708 of our Revised Laws.

The Supreme Court of California, in the case of *Maurer* v. *Mitchell,* 53 Cal. 289, having before it the exact question with which I assume to deal, held, as do many other courts, that at common law the writ of prohibition was a remedial writ provided to check

encroachments of jurisdiction; that its office was to restrain subordinate courts and inferior tribunals from exceeding their jurisdiction; that the writ of prohibition mentioned in the constitution (the constitution of California as to the power of the supreme court to issue writs is identical to ours) was the writ as known to the common law; and that the language of the statute did not require the court to hold that the office of the writ of prohibition had been extended. The statute of California to which the supreme court of that state referred was as follows:

"The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person, * * * when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." (Code Civ. Proc. sec. 1102.)

The Supreme Court of California, viewing the provisions of the statute as it then existed, held in effect that the writ should not issue in cases in which it could not have been resorted to prior to the enactment of this section. Following the decision of the supreme court in the Maurer-Mitchell case, *supra,* the legislature of California amended the statute and attempted to provide that the writ of prohibition could be resorted to for the purpose of arresting proceedings of any tribunal, corporation, board, or person "* * * whether exercising functions judicial or ministerial, * * * without or in excess of the jurisdiction."

In the case of *Camron* v. *Kenfield,* 57 Cal. 550, the supreme court again asserted the principle announced in the Maurer-Mitchell case, and held that the writ of prohibition mentioned in the constitution was the writ as known at common law, and further held that the legislature was without power to enact the statute which purported to extend the function of the writ of prohibition and declared the enactment void, in so far as it sought to affect ministerial acts or officers. To the same effect were the following cases: *Farmers' Union* v.

*Thresher,* 62 Cal. 407; *Hobart* v. *Tillson,* 66 Cal. 210, 5 Pac. 83.

The cases of *Camron* v. *Kenfield, Farmers' Union* v. *Thresher,* and *Hobart* v. *Tillson* were again referred to approvingly in the case of *McGinnis* v. *Mayor and Common Council,* 153 Cal. 711, 96 Pac. 367.

The Supreme Court of Utah, having before it the question of the office of the writ of prohibition under constitutional and statutory provisions very similar to ours, cited with approval the decisions of the Supreme Court of California in the case of *Camron* v. *Kenfield, Farmers' Union* v. *Thresher,* and *Hobart* v. *Tillson, supra,* and held that the writ of prohibition would only lie to restrain acts which were in some degree judicial. (*State ex rel. Robinson* v. *Durand,* 36 Utah, 93, 104 Pac. 760.) The opinion in this case is a lucid review of the whole matter.

In the case of *State ex rel. Kennedy* v. *Martin,* 24 Mont. 379, 62 Pac. 493, 51 L. R. A. 958, the Supreme Court of Montana, being called upon to determine this question under constitutional and statutory provisions quite like those of California, cited with approval the California cases to which I have referred; and there the court held that, notwithstanding the statute (identical to our section 5708, Rev. Laws), the common-law office of the writ of prohibition was not enlarged so as to reach proceedings not of a judicial character.

The Supreme Court of Idaho, in the case of *Williams* v. *Lewis,* 6 Idaho, 184, 54 Pac. 620, held that the writ of prohibition under the statute of that state would lie to restrain the action of a ministerial officer when it appeared that such action was illegal and beyond his jurisdiction.

The Supreme Court of Montana, in the case of *State ex rel. Kennedy* v. *Martin, supra,* after comparing the decision of the Supreme Court of California in the case of *Maurer* v. *Mitchell, supra,* with that of the Supreme Court of Idaho in the case of *Williams* v. *Lewis, supra,*

sanctioned the former, but refused to follow the latter and declined to approve it.

In the case of *State* v. *Clark Co. Ct.,* 41 Mo. 44, the supreme court of that state, having before it the question of the function of the writ of prohibition to prohibit the collection of taxes, etc., held that the writ was not available to restrain the performance of ministerial acts, however erroneous such ministerial acts might be. To the same effect we note the decision of the Supreme Court of Wisconsin in the case of *State* v. *Gary,* 33 Wis. 93, and also *Atkins* v. *Siddons,* 66 Ala. 453.

The question upon which I would here dwell has never been squarely interpreted or passed upon by this court, save and except in so far as expressions of the court have intimated the true and correct rule.

In *Low* v. *Crown Point M. Co.,* 2 Nev. 75, this court said:

"Properly speaking, the office of the writ of prohibition is not to correct errors, but to prevent courts from transcending the limits of their jurisdiction in the exercise of judicial but not ministerial power."

In the case of *Walcott* v. *Wells,* 21 Nev. 51, 24 Pac. 368, 9 L. R. A. 59, 37 Am. St. Rep. 478, this court, speaking through Mr. Justice Hawley, said:

"The object of the writ is to restrain inferior courts from acting without authority of law in cases where wrong, damage and injustice are likely to follow such actions."

To the same effect will be found the expression of this court in the case of *State ex rel. Thatcher* v. *District Court,* 38 Nev. 323, 149 Pac. 178.

Mr. High, in his treatise on Extraordinary Legal Remedies, says:

"The writ of prohibition may be defined as an extraordinary judicial writ, issuing out of a court of superior jurisdiction and directed to an inferior court, for the purpose of preventing the inferior tribunal from usurping a jurisdiction with which it is not legally vested.

It is an original remedial writ, and is the remedy afforded by the common law to correct encroachments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed for them by law.  *   *   * "

Again the author says:

"Nor should it be granted except in a clear case of want of jurisdiction · in the court whose action it is sought to prohibit. And to warrant the relief the petition must clearly show that an inferior court is about to proceed in a matter over which it has no jurisdiction, and, unless this is distinctly and affirmatively shown, the relief will not be granted."

And, again, he says:

"A distinction is taken, in the exercise of the jurisdiction, between cases where the proceedings of the court which it is sought to prohibit are of a judicial nature and cases where they are merely administrative or ministerial. And while the writ will lie in proper cases as to matters of a purely judicial nature, it will not go if the proceedings which it is sought to prevent are only ministerial." (High on Extraordinary Legal Remedies, sec. 762, *et seq.*)

The case of *Winsor* v. *Bridges,* 24 Wash. 540, 64 Pac. 780, was an original proceeding in prohibition wherein the board of regents of the University of Washington sought to prohibit the land commissioners of that state from selling or attempting to sell, or leasing or attempting to lease, a certain tract of land in the city of Seattle. There the Supreme Court of Washington, in a most comprehensive review of the function of the writ of prohibition, and after dwelling at some length on the interpretations rendered by the Supreme Court of California (*Camron* v. *Kenfield, supra*) and of Montana (*State ex rel. Scharnikow* v. *Hogan,* 24 Mont. 379, 62 Pac. 493, 51 L. R. A. 958) and Idaho (*Williams* v. *Lewis, supra*) as well as Utah (*People* v. *House,* 4 Utah, 369, 10 Pac. 838), held in effect that the writ of prohibition as provided for by the constitution of Washington

was practically the common-law writ, and its purpose was to restrain the exercise of unauthorized judicial or *quasi* judicial power. The court in that case reaffirmed its decision in the case of *State ex rel.* (*White* v. *Board of State Land Commissioners,* 23 Wash. 700, 63 Pac. 532, to the effect that to warrant the writ to any organized body other than a court it is necessary that the acts sought to be prohibited be purely judicial and and not executive, administrative, or legislative.

I make special comment on the cases of *State* v. *Clark Co. Ct., supra, Farmers' Union* v. *Thresher, supra,* and *Hobart* v. *Tillson, supra,* because in each of those cases the courts of Missouri and California were dealing with a question analogous to that at bar, namely, acts of ministerial officers in relation to assessment and collection of taxes upon personal property.

Although many decisions may be found in our reports dealing with the question of prohibition, its scope, and applicability, it may be well to note that all of the decisions prior to 1912 were dealing with the writ of prohibition as authorized by the constitution (section 4, art. 6), and hence as comprehended at common law. The section of our constitution referred to is one dealing with the jurisdiction of the supreme court, and was taken in substance from article 6, section 4, of the constitution of the State of California as amended September 3, 1862. It was not until 1911 that our legislative department here sought to enact a specific statute (Rev. Laws, 5708) dealing with and defining the writ of prohibition. Section 5708 of our Revised Laws, being section 766 of our code of civil practice, as enacted March 17, 1911, is taken verbatim from the code of California as enacted March 11, 1872, as amended March 3, 1881 (Kerr's Cyc. Codes of Cal. C. C. P. sec. 1102).

All of the decisions of the Supreme Court of California to which I have referred as bearing upon the function and office of the writ of prohibition were rendered prior to 1911, the date on which our legislature adopted

the code of California applicable to prohibition and made it a part of the civil practice code of this state.

5. Where the legislature of one state adopts the statute of another, the act of adoption raises the presumption that the legislature of the adopting state enacted the statute in the light of the construction that had been placed upon it in the parent state. (*Williams* v. *Glasgow,* 1 Nev. 533; *McLane* v. *Abrams,* 2 Nev. 199; *State* v. *Robey,* 8 Nev. 312; *Ormsby County* v. *Kearney,* 37 Nev. 371, 142 Pac. 803.)

I know of nothing prevailing as to conditions or circumstances in this state that would cause an exception to exist whereby this rule of statutory adoption should not be applicable to the matter at bar. (*First National Bank of Butte* v. *Bell Co.,* 8 Mont. 46, 19 Pac. 403.)  Our organic law relative to the jurisdiction of the supreme court, as I have already set out, is substantially the same as that relative to the same subject in the State of California.  This is especially to be considered in applying the rule of adoption of construction to which I have referred. (*Swofford* v. *Mills,* 86 Fed. 556; *Kirman* v. *Powning,* 25 Nev. 378, 60 Pac. 834, 61 Pac. 1090.)

I am convinced that section 5708 of our Revised Laws does not in effect extend the office or function of the writ of prohibition from that recognized at common law, and that by the scope of the writ only acts of a judicial nature are affected, while acts purely ministerial, legislative, or executive are not to be interfered with.  It may be that boards or officers having *quasi* judicial functions would, under statutes such as ours, be subject to the force and effect of a writ of prohibition, but this question is not involved here.

Neither the acts of the board of county commissioners in enacting or publishing the proposed ordinance, nor the acts of the sheriff of Humboldt County in collecting the licenses under such ordinance, could be regarded as in any sense judicial, or even *quasi* judicial, in nature.

It is not legislative or executive or ministerial acts that are subject to the force or effect of the writ of prohibition.

I do not accede to the conclusion in the concurring opinion of Mr. Justice COLEMAN as to petitioners having an adequate remedy at law. This would signify the absence of other remedy. The case of *Wells Fargo Co.* v. *Dayton,* 11 Nev. 161, cited in support of the assertion, is in my judgment in no wise applicable. That was a suit against the assessor of Lincoln County to prevent the collection of what was alleged to be an illegal tax imposed for revenue. Such a tax was enforcible and collectible by the avenues provided by the statute. The ordinance, the validity of which petitioner here sought to avoid and test by the writ of prohibition, is one enacted for police regulation as well as for revenue. The ordinance in question provides in its concluding section that:

"Any person, persons, firm, company, corporation, or association, keeping, conducting, managing, or maintaining any restaurant  *  *  *  where meals or lunches are sold  *  *  *  who or which shall sell, serve or furnish, or permit to be sold, served, or furnished, or otherwise disposed of, any spirituous, vinous, malt, or brewed liquors  *  *  *  in violation of the provisions of this ordinance, shall be guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not less than fifty dollars and not more than two hundred and fifty dollars, or by imprisonment in the county jail for a period of not less than twenty-five days and not more than one hundred and twenty-five days, or by both such fine and imprisonment."

There is a vast difference, in my judgment, between a tax imposed for revenue, collectible through the civil processes of the law, and a license for police regulation, failure to acquire which constitutes a crime punishable by imprisonment. Equally so, there is a vast difference between the remedy that may be resorted to by the

party seeking either to test the validity of the same or avoid the consequences. However, this matter is not properly before us in this proceeding.

COLEMAN, J., concurring:

I concur in the opinion of SANDERS, J., and in the order. I also concur in the opinion of MCCARRAN, C. J.

Aside from the fact that the courts are unanimous in the view taken by the Supreme Court of California, as set forth in the concurring opinion of the learned chief justice (except in Idaho, where reasons exist for a different rule), it would seem that an additional reason exists for this court to adopt the view of the California court, and that is, that both our constitutional and statutory provisions relative to the writ of prohibition were taken from California, and our statutory provision was enacted some time after the decisions in the California cases were rendered. In the light of this fact, I think we must assume that our legislature intended to adopt the California statute as construed by the highest court of that state.

While the point has not been urged upon us, I am inclined to the view that petitioners have an adequate remedy at law, in that they may pay the license tax under protest and bring a suit at law to recover the same. (*Wells Fargo & Co.* v. *Dayton,* 11 Nev. 161; 37 Cyc. 1260.)