## In Re COWLES

No. 2879

January 9, 1930.                                    283 P. 400.

*A. J. Maestretti* and *James T. Boyd,* for Petitioner.

*M. A. Diskin,* Attorney-General, and *Wm. Forman, Jr.,* Deputy Attorney-General, for Respondents.

## OPINION

By the Court, DUCKER, C. J.:

This is an original proceeding in prohibition.

The amended petition, which will be hereinafter

referred to as the petition, alleges, inter alia, that the petitioner, R. H. Cowles, is a citizen of the United States, and of the State of Nevada, residing at Reno, Washoe County, Nevada, and a taxpayer in said county and elsewhere in said state. It is further alleged that the legislature of the State of Nevada in 1925 passed an act (Laws 1925, c. 40) entitled, "An act authorizing the construction and equipment of a Nevada building in the city of Reno, and the collection of exhibits to be placed therein; authorizing a bond issue and a tax levy for same; and other matters properly relating thereto," and among other provisions said act provides that there shall be erected within said city of Reno a building to be used for certain specific purposes set out in said act, and said act provides for a commission to be designated as the Nevada building commission to construct and equip said building; that the legislature in 1927 passed an act (Laws 1927, c. 142) to provide for the control, use, and supervision of said building, and providing that said building should be controlled and generally supervised by a board consisting of the governor, secretary of state, and state inspector of mines, which board is designated as the Nevada state building board; that said acts of the legislature of 1925 and 1927 provide and designate the uses for which said building was constructed and equipped, and other matters properly applicable thereto; that, pursuant to said acts, the said board proceeded to carry out the duties imposed upon it, and among other things installed in said building the exhibits of the Nevada state historical society, and invited the county commissioners of the various counties of the State of Nevada to prepare and install in said building exhibits pertaining to the industry and history of said counties, and said building board, in order to secure cooperation from the county commissioners of the various counties of the state, did promise to the various boards of county commissioners in this state, in writing, that any exhibit installed should have definite detailed space in said building, and that said exhibits should thereafter become permanent; that

pursuant to said invitations and promises to the various county commissioners in this state the said commissioners did arrange with said state building board for definite space for installing exhibits pertaining to the industry and history of the various counties, and, following such arrangements and allotment of space, the various boards of county commissioners of this state did, at great expense, prepare, provide, and cause to be installed in the allotted space in said building elaborate exhibits pertaining to the industry, products, and history of the various counties of this state, which said exhibits constitute a valuable asset, and which exhibits will continue to be of great value to the state of Nevada, if permanently maintained as provided by said acts of the legislature.

The petition further alleges that the legislature of 1929 passed an act (Laws 1929, c. 215) entitled, "An act authorizing and directing the board of capitol commissioners of the State of Nevada to lease to the city of Reno for a period of ninety-nine years the Nevada state building situated in the city of Reno, subject to certain conditions and reservations, and other matters relating thereto," which said act of the legislature attempted to give authority to said board of capitol commissioners to lease the said Nevada state building to the city of Reno for a period of 99 years, and contains the further provision that the city of Reno might lease said Nevada state building to the county of Washoe, or to the Washoe County library, or to any other public or quasi public institution maintained by the city of Reno, or the county of Washoe, for public purposes only; that, pursuant to the passage of said act, the said board of capitol commissioners did make and execute to the city of Reno a lease as provided by the terms of the said act of the legislature of 1929, and that thereafter the city of Reno did make and execute its lease to the county of Washoe for the period of 99 years.

The petition further alleges that it is the intention of the last named lessee to rearrange, change, move,

disturb, and otherwise interfere with said exhibits, and to remove them from the space allotted to the various counties of this state by the board of control of said building; that such allotment had been accepted by Washoe County and other counties of the state, and large and valuable amounts of furniture, fixtures, and exhibits had been placed therein by Washoe County and other counties of this state, and for which Washoe County and the taxpayers thereof had expended large sums of money; that the threatened removal is in violation of the agreement existing between the board of control of said building and the county of Washoe and other counties of this state, to the great injury and damage, loss of furniture, fixtures and exhibits, and the irreparable destruction of the same for the purposes for which they were installed.

The petition further alleges that it is the intention of the said board of capitol commissioners, in cooperation with the board of county commissioners of Washoe County, to carry said lease into effect, and that the said board of capitol commissioners has no authority to make or execute such lease, and has no right or authority to deliver the control of said building or any of its contents to any person, or to violate the terms and conditions of the agreement under which the space in said building has been allotted to said Washoe County and to various other counties of this state, and under which said agreement the space has been accepted, the furniture and fixtures installed, and the exhibits placed therein; that the rights of Washoe County and other counties of· this state to the space allotted them are vested rights.

The petition further alleges that, if said capitol commissioners proceed to carry out the provisions of the act of the legislature of 1929, the exhibits of said counties and the property of the Nevada state historical society will be damaged, lost, and destroyed, to the great damage of the history of the State of Nevada, the sentiment of the people of the state connected therewith; and the purposes and intention of the

legislature which provided for the erection and maintenance of such building, with the approval and good will of the people of the State of Nevada, will be frustrated, and the purposes of said act will be perverted and nullified; that the upkeep and maintenance of said building, as provided for by the terms of said proposed lease, will entail and impose upon the taxable property of Washoe County, for the period of said lease, an enormous and unnecessary continuing burden of taxation upon the property of the petitioner, to his great unjust and irreparable injury, as well as a like injury to every other taxpayer in Washoe County; that petitioner, as a taxpayer and citizen of the State of Nevada, has a beneficial interest in this petition, and that he has no other plain, speedy, or adequate remedy either at law or in equity. The petition further alleges that said act of the legislature of the State of Nevada, authorizing said lease, is invalid, null, and void, for the reason that the history of the enactment of said act, on file in the office of the secretary of state of Nevada, discloses the fact that said act passed the legislature in an irregular and unlawful manner.

To the alternative writ issued upon the filing and presentation of the foregoing petition the respondents filed a motion to quash and a demurrer. The matter was duly heard. Later upon due consideration an order was made dismissing the petition and proceedings; the consent of counsel for the parties having been given that an order might be made in advance of the written opinion.

■■ We find the several objections of the petitioner to the authority of the capitol commissioners to execute the lease in question to be without merit. The statute under which it is alleged that they acted gave them such authority. Stats. 1929, pp. 411 and 412. It also authorized the city of Reno to execute the lease which it is alleged was executed to the county of Washoe. The principal objection which counsel for petitioner urges against the law is that it is violative of the agreement heretofore stated, made in writing by the board created by the act of 1927 for the control of said building, with

the various boards of county commissioners of this state. It is claimed that it is unconstitutional in this respect, in that it violates the obligations of the contracts with various counties under which these counties acted in placing their exhibits in the spaces allotted for that purpose, and under which they acquired a vested right to have the same remain there permanently. The board of control was not authorized either by the act of 1925 or 1927 to enter into the contracts alleged. It is true it is declared in the act of 1925 to be the primary object for the construction and equipment of the building to provide suitable quarters for a continuous exhibit of state and county resources and relics collected by the Nevada state historical society, but this purpose alone is not sufficient to bind future legislatures. The state, acting within constitutional limitations, may at all times exercise the right of control and disposition of its property. 36 Cyc. p. 870. What one legislature may enact in this respect may be deemed by a subsequent legislature unwise or inexpedient, or rendered undesirable by unforeseen or altered conditions, and changed accordingly. This must be so for the orderly transaction of governmental business.

The provision for maintaining suitable quarters in the building for a continuous exhibit of county resources cannot be considered as authority for the state officials constituting the board of control to enter into the contract alleged. As they were not by law vested with any powers of a contractual nature in this respect, the agreement alleged, if actually made, was void. It follows then that the law of 1929 works no impairment as claimed.

■ What we have held as to the claim of a contract with the counties applies also to the claim of a contract between the donor of the building site and the state. The building commission created by the act of 1925 was not vested with authority to enter into a contract with the donor. Moreover, it is not alleged in the petition for the writ that there was any such contract. It is alleged in the petition that the act of 1929 is null and

void because enacted by the legislature in an irregular and unlawful manner. No argument on this point was presented on the hearing; consequently it must be deemed waived.

■ We have considered and determined this matter on the merits with reluctance, and only on account of the public nature of the case; for we are satisfied that the contention of counsel for respondents that prohibition will not issue to arrest proceedings of a ministerial character is well taken.

It must be admitted that the board of capitol commissioners in executing the lease under legislative authority exercised purely ministerial functions. This is expressly permitted by section 5708 of the Rev. Laws, but it has been held by this court that the statute in this regard is beyond the scope of the constitutional grant of jurisdiction to the supreme court to issue writs of prohibition. O'Brien v. Commissioners, 41 Nev. 90, 167 P. 1007. As pointed out in the foregoing opinion, the writ of prohibition at common law was authorized only to restrain the exercise of judicial functions, and it was the opinion of the majority of the court that the framers of the state constitution by article 6, section 4 thereof, conferring jurisdiction upon the supreme court to issue writs of prohibition, intended to confer the right to issue the writ as it had been exercised at common law.

Section 5708 of the Rev. Laws it was held could not enlarge the writ so as to reach proceedings not of a judicial character. In this regard, O'Brien v. Commissioners is in accord with the great weight of authority. Stein v. Morrison, 9 Idaho, 426, 75 P. 246; Farmers' Union v. Thresher, 62 Cal. 407; State ex rel. Scharnikow v. Hogan, 24 Mont. 379, 62 P. 493, 51 L. R. A. 958; State v. Durand, 36 Utah, 93, 104 P. 760.

For the foregoing reasons, the petition and proceedings were dismissed.