# HAVILAND *v.* FOLEY ET AL.

No. 3094

January 5, 1935. 39 P. (2d) 198.

 

*Harold W. Haviland,* pro se.:

*Douglas A. Busey, George Springmeyer* and *Wm. Forman,* for Respondents:

## OPINION

By the Court, DUCKER, J.:

On the petition filed herein an alternative writ of prohibition was issued restraining the respondents, composing the board of governors of the state bar of Nevada, from hearing de novo a certain proceeding

instituted against petitioner before the local administrative committee for Washoe County.

In compliance with petitioner's request, the board of governors appointed a special committee to hear the matter. This committee heard the charges and filed its report, findings and recommendations. The committee found petitioner guilty of the charges in part, and recommended private reprimand. The board of governors at a special meeting set aside the findings and recommendations contained in the report of the special committee, and ordered that the matter be heard de novo by said board. Hence the application for a writ of prohibition in this court.

1, 2. I am of the opinion that this is not a case in which the remedy of prohibition may be invoked, for one reason, at least, advanced by respondents. Prohibition will lie to arrest judicial proceedings only. O'Brien v. Humboldt County Commissioners, 41 Nev. 90, 167 P. 1007; In re Cowles, 52 Nev. 171; 280 P. 644. The board of governors do not exercise judicial functions. In re Scott, 53 Nev. 24, 292 P. 291; State ex rel. McCloskey v. Greathouse, 55 Nev. 409, 36 P. (2d) 357; In re Shattuck, 208 Cal. 6; Carpenter v. State Bar of California, 4 P. (2d) 937.

The alternative writ and the proceeding should be dismissed.

It is so ordered.

COLEMAN, J., concurring:

I concur in the order. Accepting for the purpose of this matter the correctness of the conclusion of a majority of this court in In re Scott, I am of the opinion that the respondent board has jurisdiction to hear and determine this matter, and that petitioner has a plain, speedy and adequate remedy to review the determination by such board, hence these proceedings should be dismissed.