STATE OF NEVADA ON THE RELATION OF GEORGE E. MARSHALL, RELATOR, *v.* JAMES H. DOWN, H. P. MARBLE, HERBERT KRAUSE, H. L. PERRY, INDIVIDUALLY AND AS MEMBERS OF THE BOARD OF COMMISSIONERS OF THE CITY OF LAS VEGAS, CLARK COUNTY, STATE OF NEVADA, AND LEONARD L. ARNETT, INDIVIDUALLY AND AS MAYOR OF THE CITY OF LAS VEGAS, CLARK COUNTY, STATE OF NEVADA, AND VIOLA BURNS, INDIVIDUALLY AND AS THE CITY CLERK OF THE CITY OF LAS VEGAS, CLARK COUNTY, NEVADA, RESPONDENTS.

No. 3200

June 3, 1937.                                        68 P. (2d) 567.

*George E. Marshall, pro se:*

*Ryland G. Taylor,* City Attorney; *Ham & Taylor;* and *Gray Gubler,* for Respondents:

## OPINION

By the Court, COLEMAN, C. J.:

This is an original proceeding in prohibition.

The petitioner alleges that at all times mentioned the city of Las Vegas is a municipal corporation, organized

and existing pursuant to an act of the legislature approved March 16, 1911 (Laws 1911, c. 132), and amendments thereof; that certain individuals constitute the board of commissioners of said city; that Leonard L. Arnett is the duly elected, qualified, and acting mayor thereof; and that Viola Burns is the city clerk of said city.

It is further averred that pursuant to the provisions of the charter of said city it is provided that on the first Tuesday after the first Monday in May 1937, there shall be elected at an election to be held in said city the following officers of said city, namely: Two city commissioners, one city attorney, one municipal judge, and one city clerk; and that said general election was ordered by the board of commissioners of said city prior to the first Monday in March 1937; that relator is a duly qualified and nominated candidate for city attorney of said city, to be voted for at said election.

It is further averred that said Arnett, individually and as mayor of said city, did, during the months of March and April 1937, circulate and cause to be circulated certain petitions providing for amending the city charter of said city and for the purpose of depriving relator from having his name and the names of other candidates for the office of city attorney to be placed upon the ballot and to be voted upon at the election to be held in the month of May 1937, as heretofore recited.

It is further alleged that the respondent Burns intends to file said petitions in the office of the city clerk of said city, and that the respondents, members of the board of commissioners of said city, and the mayor thereof, will by resolution approve and adopt said proposed amendment to the city charter of said city.

The petition makes certain allegations of fraud and formal allegations not necessary to herein set forth.

Respondents filed both a demurrer and answer to the said petition.

This matter was submitted to the court on April 26,

and in view of the fact that the election was to be held on Tuesday, May 4, and the necessity of action in said matter, in case of a denial of the writ, printing of ballots, etc., it was stipulated by counsel that we might make an order disposing of the matter on April 27, and subsequently file a written opinion. On the day last mentioned, the court entered an order dismissing the proceedings.

Whatever else may be said in justification of the order of dismissal, it is clear that the petitioner was entitled to no relief for the reason that the act sought to be prohibited—that is, amending of the city charter— is ministerial and not judicial in character. Nothing can be said, and nothing is said by petitioner, to the effect that the adoption of an amendment to the charter as proposed is judicial in character.

It is a well-recognized rule in this jurisdiction that the sole office of the writ of prohibition is to prevent courts and boards from transcending the limits of their jurisdiction in the exercise of judicial but not ministerial power.

This is such a well-recognized rule that we need simply cite the decisions in point, which are: Low v. Crown Point M. Co., 2 Nev. 75; O'Brien v. Board of Commissioners, 41 Nev. 90, 167 P. 1007; In re Cowles, 52 Nev. 171, 283 P. 400; Haviland v. Foley, 55 Nev. 455, 39 P. (2d) 198.

Proceedings dismissed.