[Civ. No. 2630. Fourth Appellate District.—March 18, 1941.]

K. F. HELVEY, Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association), Respondent.

George N. Foster for Appellant.

Louis Ferrari, Edmund Nelson, G. L. Berrey and Howard D. Hanson for Respondent.

CONWAY, J., *pro tem.*—This is an appeal from a judgment for the defendant in an action by plaintiff to quiet title to real property in Los Angeles County.

The appeal is heard upon the judgment roll, to which is appended the certified written stipulation of facts. The real property in question was owned by Robert E. Hopkins & Company and was deeded to the State of California for nonpayment of state and county taxes on July 3, 1916. The owner never exercised his right of redemption and on May 28, 1935, respondent Bank of America National Trust & Savings

Association recorded in the official records of Los Angeles County an abstract of judgment against said Robert E. Hopkins & Company for $13,694.35. Thereafter, and on the 24th day of May, 1938, Robert E. Hopkins & Company conveyed said real property by a quitclaim deed, unrecorded, to appellant herein, who brought suit to quiet title against respondent. It is stipulated that at all times since the recordation of the abstract of judgment and date of delivery of the quitclaim deed, Robert E. Hopkins & Company was the legal owner of the right to redeem said property. The trial court held that the recordation of the abstract of judgment in favor of respondent created a valid and subsisting lien on said real property prior and superior to any interest appellant may have therein by virtue of his quitclaim deed.

Appellant contends the right of a judgment debtor to redeem real property which has been deeded to the State of California after the five-year period provided by our codes cannot be made the subject of a judgment lien. Section 3780 of our Political Code gives the owner a right to redeem from the state within five years after the sale of the property, or at any time prior to the entry by the state on said property or the sale of it by the state. Section 3787 of the same code provides that the deed conveys to the state the ''absolute title to the property described therein, *free of all encumbrances*'', except certain liens therein provided in said statute and which, admittedly, are not relative to the question under discussion here.

It is admitted that the owner's right to redeem from the sale to the state had not been terminated at the time the abstract of judgment was recorded or at the date of delivery of the deed to appellant.

■ The judgment lien created by the recordation of an abstract of judgment is purely statutory, since no such right existed under the common law. (*Ackley* v. *Chamberlain*, 16 Cal. 181 [76 Am. Dec. 516]; *Lean* v. *Givens*, 146 Cal. 739 [81 Pac. 128, 106 Am. St. Rep. 79].) No California cases have been cited by either party deciding the specific question as to whether the right of the owner, or his successor in interest, to redeem real property after deed to the state is such an interest in real property to which a judgment lien will attach.

The courts of this state have on many occasions passed upon the extent or limitation of a judgment lien under section 671 (now 674) of the Code of Civil Procedure, which provides that upon the recordation of an abstract of judgment with the county recorder "the judgment or decree becomes a lien upon all the real property of the judgment debtor . . . in such county, owned by him at the time, or which he may afterwards . . . acquire." In *People* v. *Irwin,* 14 Cal. 428, our Supreme Court, in discussing the extent of the lien of a judgment, said: "It is undoubtedly true that the statutory lien of a judgment upon the real estate of the judgment debtor, can attach only upon property in which such debtor has a vested legal interest". This case has been repeatedly cited by the courts of this state, establishing the legal proposition that a judgment lien will not attach except to a *vested* interest of the judgment debtor in the real property.

In the case of *Belieu* v. *Power,* 54 Cal. App. 244 [201 Pac. 620], the court discussed the question of limitation of judgment liens very fully. That was an action to restrain an execution and declare defendant judgment debtor had no lien on certain property which plaintiff was buying on contract. The sheriff was enjoined by the lower court and the judgment on appeal was affirmed. The court, in considering the effect of recordation of the contract to purchase under section 671 (now 674) of the Code of Civil Procedure, said:

"An examination of the authorities discloses a vast difference in the classes of property and interests therein that will support judgment liens, homesteads, and levies under execution. Section 671 of the Code of Civil Procedure provides that a docketed judgment becomes a lien upon 'all the real property of the judgment debtor not exempt from execution in the county owned by him at the time or which he may afterward acquire.' Property interests of any and every kind, whether real or personal, and every interest therein are subject to seizure under attachment or levy on execution, unless exempt from execution. (Sections 542 and 688, C. C. P.) While many classes of property may be taken on execution, only two classes are subject to the lien of a judgment—real property owned by the debtor at the time of docketing and real property that he may afterward acquire.

"While any interest in real property, legal or equitable, may be seized and sold under execution, only real property

actually owned by the judgment debtor will support a judgment lien. That a mere equitable interest in real property acquired under a contract of purchase and sale is not such ownership as is contemplated by Section 671 was clearly decided in the early history of the state. The case of *People* v. *Irwin,* 14 Cal. 428, was a case identical in all essential respects with the one involved in this appeal. An attempt was made to assert a judgment lien against the interest of a vendee under a contract substantially similar to the one now before the court. The court, in that case, says: 'It is undoubtedly true that the statutory lien of a judgment upon real estate of the judgment debtor cannot be attached unless upon property in which the debtor has a vested interest.' The Irwin case has been cited a number of times in later decisions and, if sound, conclusively disposes of the present appeal adversely to the contentions of appellants.''

It has been held that an estate for years in real property is not such an interest as will carry a judgment lien. (*Summerville* v. *Stockton Milling Co.,* 142 Cal. 529 [76 Pac. 243].) In the case of *Poindexter* v. *Los Angeles Stone Co.,* 60 Cal. App. 686 [214 Pac. 241], the court expressly held that a judgment lien under section 671 (now 674) of the Code of Civil Procedure did not attach to an equitable interest in real property. It only applied to a legal interest therein. In that action the court held that a judgment lien would not attach to the interest of a *cestui que trust.* ■ These cases clearly define the limitations of a judgment lien under our statutes and definitely decide that in California the judgment lien attaches only to real property actually owned by the debtor or thereafter acquired by him, and no case has been cited showing that this plain statutory declaration has been extended beyond the plain wording of the statute.

In view of the fact that the extent of the judgment lien acquired by the recording of an abstract of judgment is purely statutory, different rules prevail under the particular statutes of the various states, though in some states the legislature has expressly made legal and *equitable* interests in the lands subject to the lien. If this were a case where property had been sold but not deeded to the state a different rule undoubtedly would apply, for in such case the state would have merely a lien and the assessed owner would own the legal title; but, this is a case where the property was *deeded* to the

state after the five-year period and every encumbrance of record was wiped out and the state held the legal title and the owner merely possessed the right to redeem.

The effect of a deed of real property to the state, resulting from the failure of the owner to pay taxes for a five-year period, removes all liens upon said property as provided in section 3787 of the Political Code. This section reads as follows:

"Such deed, duly acknowledged or proved, is (except as against actual fraud) conclusive evidence of the regularity of all other proceedings, from the assessment of the assessor, inclusive, up to the execution of the deed. Such deed conveys to the state the absolute title to the property described therein, free of all encumbrances, except any lien for taxes levied for municipal, or for irrigation district purposes, . . . and except when the land is owned by the United States or this state, in which case it is *prima facie* evidence of the right of possession accrued as of the date of the deed to the state . . . ".

In *Dougherty* v. *Henarie*, 47 Cal. 9, in discussing the matter of certain city improvement assessments, the court, at page 14 of the opinion, said:

"The general rule is that a sale and conveyance in due form, for taxes, extinguishes all prior liens, whether for taxes or otherwise. The necessity of collecting revenue for the support of the Government imperatively requires that the lien for taxes shall take precedence over all other liens; and that a tax sale, followed by a proper conveyance, shall transfer the title discharged of prior tax liens. If the rule were otherwise, purchasers at tax sales would be deterred from bidding, and a large portion of the revenue would remain uncollected. . . . More explicit and comprehensive language could not well have been employed to define the nature of the title which passes by the tax deed. It 'shall convey to the grantee the *absolute* title to the land, . . . free and clear of all incumbrances, *liens*, claims, rights, titles and interests *of every* kind, of any person or persons, corporation or corporations, . . . ' This language is so explicit as to require no interpretation and to leave no room for construction."

In the case of *Fox* v. *Wright*, 152 Cal. 59 [91 Pac. 1005], the plaintiff brought an action to quiet title derived under a tax deed. The court said:

"It is to be noted, then, in considering this, that the delinquent owner is given process of law in the notice of the sale to the state of which he is advised by publication. It is to be noted, moreover, that the liberal period of redemption of full five years is accorded him as an absolute right. At the end of this five years the deed to the state is made, and the title of the state becomes absolute. We are unable to discover any constitutional objection which interposes and invalidates the state's title, and none has been pointed out. We are unable to see why the state may not obtain a title free from all equities in the former owner at the expiration of five years as may a private citizen after foreclosure upon the mortgage when the period of redemption following such foreclosure has passed."

The respondent admits that there is no California decision directly on this point, but points to the case of *Shipley* v. *Browning*, 114 W. Va. 409 [172 S. E. 149, 91 A. L. R. 643], as authority for the proposition that a judgment lien attaches to the owner's right of redemption after a sale of property to the state. With reference to this decision the judicial construction of the statutes of California, involved in this litigation, by the courts of this state is directly contrary to the rule announced in this West Virginia case. The respondent also cites the case of *Stetson* v. *Sheehan*, 52 Cal. App. 353 [200 Pac. 387]. In that case, it is clear that the vested legal title was in the judgment debtor at the time of the recordation of the lien. However, in the present case the legal title was in the State of California and under the plain provisions of our codes the state held such title free and clear of any and all encumbrances.

The fact that our law contains no provision requiring the state to give notice upon resale of properties deeded to it after the five-year period to the former lien holders of record shows that the legislature never intended that a prior lien for debt should create a cloud upon the title. Upon a resale of the property here in question by the state it is undoubtedly true that the purchaser would take it free and clear of all encumbrances. That the right to redeem carries no *vested* interest in land is clearly determined in the case of *South San Joaquin Irrigation District* v. *Neumiller*, 2 Cal. (2d) 485 [42 Pac. (2d) 64]. In view of the fact that this appeal is

heard upon agreed stipulation of facts, a retrial of the issues could not change the result.

It is therefore ordered that the judgment be reversed with directions to the trial court to enter a judgment in favor of the plaintiff, quieting title against the purported lien of the defendant herein.

Barnard, P. J., and Marks, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 15, 1941.