[Civ. No. 16106. Second Dist., Div. Two. Dec. 16, 1947.]

FEDERATED INCOME PROPERTIES, INC. (a Corporation), Appellant, v. STATE OF CALIFORNIA et al., Defendants; CITY OF SOUTH PASADENA, Respondent.

894

James M. Gammon for Appellant.

Braeme E. Gigas, City Attorney and Robert E. Rosskopf, Special Counsel, for Respondent.

WILSON, J.—In this action to quiet title to real property a dismissal was filed as to all defendants except city of South

Pasadena. Judgment was rendered in favor of defendant city and plaintiff has appealed from the judgment.

The property was sold to the State of California for non-payment of taxes. More than five years thereafter tax deeds to the state were issued and recorded. After acquiring title the state sold the property to the city of South Pasadena pursuant to an agreement authorized by chapter 8 of part 6 of division I of the Revenue and Taxation Code for the sum of $1.00 per parcel for the stated purpose of restoring the property to the tax rolls. At the time of the sale by the state to the city, the property was in an assessment district in which street bonds had been issued, more than 57 per cent of which were delinquent on June 30, 1940—a distressed assessment district as defined in section 133 of the Revenue and Taxation Code.

Respondent contends that since the sale to the city of South Pasadena was on September 15, 1943, and this action was commenced on May 28, 1945, the action is barred by section 3809 of the Revenue and Taxation Code, which reads as follows: ''A proceeding based on alleged invalidity or irregularity of any agreement or deed executed under this article can only be commenced within one year after the execution of the instrument.''

Appellant maintains that the deed to the city of South Pasadena is void and that section 3809 is therefore inapplicable for the reasons: (a) That the consideration of $1.00 per parcel paid by the city was so grossly inadequate that the sale amounted to a gift of public funds to a municipal corporation in violation of sections 22 and 31 of article IV of the Constitution, and (b) that the property was in a distressed assessment district and therefore not subject to sale pursuant to said chapter 8. If the sale was void, no title was conveyed and the right to contest its effect is not cut off by the statute of limitations, hence our first inquiry will be into the validity of the sale.

1. *Is the sale void by reason of sections 22 and 31 of article IV of the Constitution?* The provisions contained in chapter 8 are derived from former section 3897d of the Political Code, which was discussed in *South San Joaquin Irr. Dist.* v. *Neumiller,* 2 Cal.2d 485, 489 [42 P.2d 64]. The court held that in the absence of constitutional limitations the Legislature is free to dispose of the state's tax-deeded lands in any way deemed by it to be in the public interest and that a person

having the privilege of redemption has not a vested or a substantial right to have such lands disposed of by the state in any particular way when his right of redemption is not affected.

Upon the execution of the deed to the state, the property owner forfeited all right in the property except the privilege of redeeming it before the state disposed of it. Appellant's right of redemption was therefore not affected by the sale to the city. The manner of sale was not in violation of constitutional provisions. There is a distinction between the absolute right to redeem within the fixed period of five years after the date of sale to the state and the conditional right to redeem after the property has been deeded to the state, if the state does not sell the property. The deed to the state upon the expiration of five years conveys the absolute title to the property. (*Mercury Herald Co.* v. *Moore,* 22 Cal.2d 269, 273 [138 P.2d 673, 147 A.L.R. 1111].)

The Legislature has full control over the sale of property belonging to the state. It may direct it to be sold and may regulate or change at any time the method of its disposition. (*Buck* v. *Canty,* 162 Cal. 226, 233 [121 P. 924].) The state may sell tax-deeded property to a municipality for such price and upon such terms as may be agreed upon and thereby terminate the right of redemption. (Ch. 8, *supra.*)

Appellant having lost all its right and interest in the property, except the privilege of redeeming, cannot object to the manner in which the property was conveyed to respondent. (*Helvey* v. *Bank of America,* 43 Cal.App.2d 532 [111 P.2d 390].)

It is to the interest and benefit of the state that tax-deeded property should be resold into private ownership. (*Fox* v. *Wright,* 152 Cal. 59, 62 [91 P. 1005].) Thereby, it is returned to the tax rolls and taxes thereon are paid to all the taxing agencies in which the property is located; the state is relieved of the management of it; it is likely to be improved, thus adding to its tax value and to the amount of taxes to be paid thereon. It is advantageous to merge and unify the tax titles of the various taxing agencies to the end that a private purchaser will acquire all outstanding tax titles through one sale and one deed. (*South San Joaquin Irr. Dist.* v. *Neumiller, supra,* p. 490.)

The foregoing elements enter importantly into the

consideration received by the state for the transfer of its interest in the property to respondent city and are sufficiently adequate to negate the contention that the sale amounted to a gift in violation of the constitution. Before a sale is made by the state to a city, the price shall be agreed upon between the board of supervisors of the county, the state controller and the governing body of the city in which the property is located. (Rev. & Tax. Code, §§ 3775, 3791.) Such an agreement was entered into before the sale involved in this action was made to the city of South Pasadena. The state having determined that other considerations than the cash received furnished an adequate return for the state's tax title and no reason appearing for questioning the wisdom of such decision, the court will not set aside the sale.

For the reasons above stated, the court did not err in rejecting appellant's offer to prove that the property was worth $100 per parcel at the time of the sale to respondent city.

In connection with its argument appellant complains that the county of Los Angeles did not receive its fair share of the consideration for the sale. The contention is made that the county should have been reimbursed for a portion of the taxes due and unpaid to it and that the city of South Pasadena obtained a contract that was unfair and detrimental to the county. The county of Los Angeles was a party to the contract (Rev. & Tax. Code, § 3775, 3791) and it is presumed that its officials obtained terms and conditions that were equitable to its interests. The county obtained the benefit of having the property returned to the tax rolls thereby increasing the amount of taxes it would receive after the sale. Moreover, since that question does not affect the validity of the sale appellant cannot raise it in its action to quiet title as it might possibly do if it were suing as a taxpayer to recover funds belonging to the county which the public officials have not sought to recover.

2. *Was the sale forbidden by law because the property was in a distressed assessment district?* Appellant contends that the first sentence of the fourth paragraph of section 50 of chapter 290, Statutes of 1941, expresses the intention of the Legislature to postpone the right of redemption of property in a distressed assessment district until January 31, 1947, and that the sale to the city of South Pasadena on September 15, 1943, was in violation of the statute and therefore void.

The first portion of section 50 of chapter 290 consists of the usual severability clauses. The fourth paragraph of that section contains two sentences on the first of which appellants rely, but in order to determine the issues involved in this action it is necessary to consider the entire fourth paragraph, which reads as follows: ''There are specially exempted from the provisions of this section the provisions of Sections 4.8 and 18 of this act, which sections add Sections 3511.3 and 3571.3, respectively, to the Revenue and Taxation Code. The Legislature hereby expressly declares that it is its intent not to terminate the right of redemption of property in distressed assessment districts, as defined, until after January 1, 1947, in order to permit refunding of such districts. If the exception of property in delinquent assessment districts from the provisions of Section 4.8 of this act, or from the provisions of Chapter 4.6 of Part 6, Division I of the Revenue and Taxation Code until after January 1, 1947, as provided in Section 18 of this act, is declared unconstitutional, then both entire sections shall be ineffective.''

Chapter 290 of the Statutes of 1941 is commonly referred to as the ''Tax Termination Act of 1941.'' It adds several new sections to chapters 4, 4.6, 7 and 8 of part 6 of division I of the Revenue and Taxation Code.

Sections 3511.3 and 3571.3 referred to in said section 50 of chapter 290 are in chapters 4 and 4.6, respectively. For the reasons hereinafter pointed out they have no application to the sale of the property to respondent city of South Pasadena.

Part 6 of division I of the Revenue and Taxation Code relates to tax sales and tax deeds generally. Chapters 1 to 7, inclusive, relate to sales to private persons and to the right of property owners to redeem their property from tax sales prior to sales to private persons, and have no bearing on sales to cities or other public taxing agencies. Respondent city did not acquire its title by reason of chapters 1 to 7. ▮ Its title was derived under the provisions of chapter 8 of part 6 of division I, which provides a complete scheme by which conflicting tax titles or claims held by a county, a city or any other taxing agency on the same property may be combined into one title in order that a sale by the taxing agency so acquiring title will convey all outstanding tax titles and the purchaser will receive a deed that will not be brought into question by reason of conflicting tax interests.

Chapter 8 declares in section 3771 that ''As used in this chapter, 'taxes' includes assessments.'' Succeeding sections of chapter 8 set up the procedure whereby titles or claims of all taxing agencies may be conveyed to one of them by an agreement made by the taxing agency with the board of supervisors, approved by the state controller. A notice of the agreement is required to be published (§ 3798) and to be mailed to the last assessee of the property at his last-known address (§ 3799). The agreement does not become effective until 21 days after the first publication and the mailing of the notice of the agreement. (§ 3802.) The assessee is thus given ample warning that the property is to be sold and opportunity to redeem. If within the 21-day period the property is redeemed the agreement is null as to such property. (§ 3803.) If property is not redeemed the tax collector shall execute to the purchaser (the taxing agency) a deed therefor. (§ 3804.) Except as against actual fraud, the deed is conclusive evidence of compliance with the statute and otherwise has the same effect as evidence and as a conveyance as a deed to a private purchaser after sale of tax-deeded property. (§ 3806.) If not previously terminated, all rights to redeem the property from a sale to the state will terminate on the execution of the deed. (§ 3807.)

Section 4101 provides that tax-deeded property may be redeemed by the redemptioner until the right of redemption is terminated. Since appellant's right to redeem was terminated under the provisions of section 3807 upon the execution of the deed to respondent city of South Pasadena, appellant has no right, claim or interest in the property.

Section 3807 was repealed and reenacted by chapter 290 of the Statutes of 1941, this being the same chapter wherein section 3511.3 (a part of ch. 4) and section 3571.3 (a part of ch. 4.6) were enacted. The latter sections do not relate to the termination of the right of redemption after property has been sold pursuant to chapter 8. The inclusion of all these provisions in the same act indicates that it was the intent of the Legislature that the right of redemption should be terminated absolutely under section 3807 upon the sale of the property to a taxing agency and that the other provisions of chapter 290 should not be applicable thereto, and that it was not the legislative intent that section 50, upon which appellant relies, should in any way modify the effect of section 3807.

No intent of the Legislature is indicated by any part of chapter 290 to postpone the right of redemption when property is sold to a city or other taxing agency. Section 50 of that chapter does not have that effect. It refers entirely to sections of the code relating to sales to private persons.

3. *The statute of limitations.* Since the sale to the city of South Pasadena was valid and since this action was not commenced within one year after the execution of the deed from the state to the city it is barred by section 3809 of the Revenue and Taxation Code.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.